IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LEANDREW LARONN MENEFEE,

        Plaintiff,

v.

WASHINGTON COUNTY SHERIFF'S OFFICE;
WASHINGTON COUNTY JAIL; and ALL
DEPUTIES INVOLVED,

        Defendants.

Case No. 3:20-cv-01501-AC

ORDER TO DISMISS

MOSMAN, Judge.

Plaintiff, an adult in custody at the Coffee Creek Correctional Institution, brings this civil rights action pursuant to 42 U.S.C. § 1983.[1] Pursuant to an Order entered this date, the Court granted Plaintiff's Application to Proceed *In Forma Pauperis*. However, for the reasons set forth below, the Court dismisses Plaintiff's Complaint.

**BACKGROUND**

---

[1] At the time he filed this action, plaintiff was in custody at the Washington County Jail as a pretrial detainee.

1 - ORDER TO DISMISS

In the caption of his Complaint, plaintiff names as defendants the Washington County Sheriff's Office, the Washington County Jail, and "All Deputies Involved."  At page two of the Complaint, however plaintiff identifies as defendants T. Martichuski, Rouge, Monson, and Stimler.

Plaintiff's Complaint is not a model of clarity.  In response to the prompt "What federal constitutional, statutory, or treat right(s) is/are at issue?", plaintiff lists the following:  Kidnapping, Forced Slavery, Cruel & Unusual Punishment, Crimes Against Humanity, War Crimes, Inhumane Treatment, False Imprisonment, Assault, Violation of Religious Practices, Violation of Due Process, Access to Legal Materials & Legal Resources.

In his first of three claims for relief, which he labels "Forced Slavery," plaintiff alleges the following:

> Since being in Washington County Jail, deputies are very violent, aggressive & abusive, verbally & physically & mentally.  I've been touched (PREA - by officers) put into solitary confinement for false allegations & false log reports.  Deputies lie in their log entry's and control the narrative of every situation.  The denial of adequate legal materials, i.e., paper, templates for briefs/motions/memorandums & copy's -pen/pencil - No law clerks!  The denial of religious practices, no Jumah Friday for muslims, no prayer rugs, no emaam [sic].  Inhumane!

Plaintiff's second claim, which he labels "false imprisonment," alleges:

> I was put into solitary confinement on 7-30-2020 for a fabricated false write up, & a fabricated log report, it is going on two weeks, and not one superior officer/or jail classifications has come to talk to me about whatever incident that was said to happen.  Deputies Rouge and T. Martichuski brought me to Pod 3, with a plan to

2 - ORDER TO DISMISS

>keep me here as long as possible by any means (collusion). It's caused me irrepearable [sic] harm, mental anguish, and intentional effliction [sic] of emotional distress - 11 days & counting.

Finally, plaintiff's third claim for relief, which is labeled "crimes against humanity," alleges the following:

>Deputies named working for Washington County Jail, have been above and beyond the call of duty evil! Flat out, they assault human beings, verbally and mentally abuse them. Keep them locked down 22 hours a day. The people incarcerated at Guantanamo Bay Cuba receive more time out they cell. These deputies took an Oath to protect me/us against all enemies foreign and domestic. Not to treat me (us) as enemies. They have totally forgot that oath, when they hurt me (us) & treat me like slave.

By way of remedy, plaintiff seeks money damages.

## STANDARDS

A district court must dismiss an action initiated by a prisoner seeking redress from a governmental entity or officer or employee, if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2) & 1915A(b). When a plaintiff is proceeding *pro se*, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Moreover, before dismissing a *pro se* civil rights complaint for failure to state a claim, the court supplies the plaintiff with a statement of the complaint's deficiencies. *Karim-Panahi v. Los Angeles Police Dept.*, 839

F.2d 621, 623-24 (9th Cir. 1988); *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *Karim-Panahi*, 839 F.2d at 623; *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## DISCUSSION

### I. Procedural Deficiencies

Pursuant to Rule 10(a) of the Federal Rules of Civil Procedure, "[t]he title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties." As noted, the defendants identified in the caption of plaintiff's Complaint differ from those identified at page two. Should plaintiff file an Amended Complaint curing the substantive deficiencies noted below, the Court advises plaintiff to clearly identify all intended defendants in the caption thereof.

### II. Substantive Deficiencies

To state a claim under 42 U.S.C. § 1983, a complaint must allege that a defendant, while acting under color of state law, caused a deprivation of the plaintiff's federal rights. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted). A § 1983 plaintiff must establish both causation-in-fact and proximate (*i.e.*, legal) causation. *See Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008). Allegations regarding Section 1983 causation "must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citations omitted). "Sweeping conclusory allegations [regarding causation] will not suffice[.]" Id. (citation omitted).

In order to state a § 1983 claim, a plaintiff must allege facts giving rise to a reasonable inference that the named defendants were personally involved in the alleged constitutional violation. *Taylor*, 880 F.2d at 1045. Here, plaintiff fails to allege facts giving rise to a reasonable inference that any of the named defendants were personally involved in the alleged violation of his rights. With the exception of an allegation that two deputies placed plaintiff in a particular jail pod, plaintiff does not allege who was personally involved in any of the alleged deprivations of his rights. Accordingly, plaintiff fails to state a claim against the defendants upon which relief may be granted under § 1983.

Moreover, to the extent plaintiff alleges defendants unlawfully held plaintiff in custody, "to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Thus, a prisoner may not challenge his custody under § 1983, whether he seeks monetary damages or injunctive release, until that term of custody has been set aside. *See Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006) (holding wrongful arrest, malicious prosecution, and conspiracy to bring false charges barred by *Heck*); *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (holding false arrest and imprisonment claims were *Heck*-barred until conviction is invalidated). Such claims "necessarily imply" the invalidity of a conviction. *See, e.g., Valdez v. Rosenbaum*, 302 F.3d 1039, 1049 (9th Cir. 2002) (finding that pretrial detainee's claim that he was denied access to a telephone to call his attorney was *Heck*-barred).

5 - ORDER TO DISMISS

**CONCLUSION**

Based on the foregoing, the Court DISMISSES Plaintiff's Complaint. Plaintiff may file an Amended Complaint, curing the deficiencies noted above, within 30 days of the date of this order. Plaintiff is advised that failure to file an Amended Complaint shall result in the dismissal of this proceeding, with prejudice.

Because plaintiff has not established extraordinary circumstances warranting such, the court DENIES plaintiff's Motion for Appointment of Counsel (ECF No. 6).

IT IS SO ORDERED.

DATED this  10  day of June, 2021.

*Michael W. Mosman*
Michael W. Mosman
United States District Judge